IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TERRY JOYNER,

    Plaintiff,

v.

CITY OF ATLANTA, et al.,

    Defendants.

CIVIL ACTION NO.
1:16-CV-1780-TWT-LTW

## MAGISTRATE JUDGE'S ORDER AND REPORT AND RECOMMENDATION

Pending before this Court are Defendants City of Atlanta, Chief George Turner, Ernest Finley, and Van Hobbs' ("Defendants") Motion to Dismiss (Doc. 7) and Plaintiff Terry Joyner's ("Plaintiff") Consolidated Motion to Amend Complaint and Add More Supported Facts Related to Joyner's Claims ("Motion to Amend," Doc. 20). For the reasons outlined below, the Defendants' Motion to Dismiss should be **DENIED AS MOOT**. (Doc. 7). Plaintiff's Motion for Leave to Amend is **GRANTED IN PART AND DENIED IN PART**. (Doc. 20).

## BACKGROUND

On May 1, 2016, Plaintiff filed his Complaint in this case. (Compl., Doc. 1). Plaintiff asserts claims for (1) discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII"), against Defendant City of Atlanta ("Atlanta" or the "City"), Chief George Turner ("Turner"), and Ernest

AO 72A
(Rev.8/82)

Finley ("Finley"); (2) retaliation in violation of Title VII against the City, Turner, and Finley;[1] (3) violations of the Georgia Whistleblower Act, O.C.G.A. § 45-1-4, against the City; (4) violations of his First Amendment rights via 42 U.S.C. §§ 1983 ("Section 1983") against Defendants Turner and Van Hobbs ("Hobbs").  (Id.).

In support, Plaintiff presents the following factual allegations.  Plaintiff alleges he had a distinguished, twenty-year law enforcement career, marked largely by awards, recognitions, and a blemish-free record.  (Compl. ¶¶ 8-17).  Plaintiff was allegedly on a steady promotion track with the Atlanta Police Department ("APD") until 2008, when he complained to Finley and the City about racial discrimination on the part of Finley, a Major in the APD and Plaintiff's superior.  (Compl. ¶¶ 18-22).  Plaintiff asserts that the City developed and instituted a practice of race-based hiring and promotion, and as a result, refused to consider Plaintiff for a promotion.  (Compl. ¶ 7).  Plaintiff contends that after he complained about this racial discrimination, Finley, Turner, and the City retaliated against him by transferring him; prohibiting him from participating in training; and denying him at least thirteen promotional opportunities, while many other, less qualified candidates were promoted.  (Compl. ¶¶ 7, 22-33).  Most recently, Plaintiff alleges he was denied a promotion to Captain in January 2015 in retaliation for his earlier complaints and because he is white; Plaintiff claims that Defendants refused to replace any out-going officers with members of a different race, and that they therefore promoted

---

[1] Plaintiff makes clear that he is suing Turner, Finley, and Hobbs under Title VII in their individual capacities.  (Compl. ¶¶ 4-6).

a less-qualified black candidate over Plaintiff simply because the out-going officer was black. (Compl. ¶¶ 34-36).

Following Defendants' January 2015 refusal to promote Plaintiff, he sent a letter to the City's attorney about conduct by Turner and Hobbs that Plaintiff contended was illegal and violated APD rules, APD regulations, and other laws. (Compl. ¶ 37). After Turner and Hobbs learned about the letter, they allegedly – in retaliation – reduced Plaintiff's pay, took away his flex-time, and had him investigated by Internal Affairs. (Compl. ¶¶ 38-46).

Defendants filed a Motion to Dismiss arguing therein that certain claims should be dismissed and/or failed to state a claim for relief for a number of reasons. (Docs. 7). In particular, Defendants argue that (1) Plaintiff's Title VII claims against Turner and Finley should be dismissed because Title VII does not provide for individual liability; (2) certain of Plaintiff's Title VII claims are barred as untimely and/or for Plaintiff's failure to exhaust administrative remedies; (3) Plaintiff's Title VII retaliation claim and Whistleblower Act claim should be dismissed for failing to show a causal connection between his alleged protected activity and any adverse employment action; (4) Plaintiff has not affirmatively demonstrated that his Whistleblower Act claim is not barred by the statute of limitations; and (5) Plaintiff's First Amendment claims against Turner and Hobbs should be dismissed because the alleged statements do not constitute speech protected by the First Amendment because they relate only to his personal complaints. (Id.).

After Defendants filed their Motion to Dismiss, Plaintiff moved for leave of the Court to amend his original Complaint. (Doc. 20). In his proposed Amended Complaint, Plaintiff asserts the same claims against the same Defendants, but adds additional factual allegations in support of his causes of action – in particular, to support (1) the causal connection between Plaintiff's alleged protected activities under Title VII and the Georiga Whistleblower Act and Defendants' alleged retaliation, and (2) the fact that his was alleged speech was public and/or otherwise protected by the First Amendment. (Doc. 20-2). Defendants have not responded in opposition to the Motion to Amend.

## LEGAL ANALYSIS

As an initial matter, because Defendants' Motion to Dismiss is based upon the allegations as set forth in the original Complaint and because Defendants have not opposed Plaintiff's Motion to Amend, their Motion to Dismiss should be **DENIED AS MOOT**. See Williams v. Bd. of Regents of Univ. Sys. of Georgia, 477 F.3d 1282, 1292 (11th Cir. 2007); LR 7.1B, NDGa ("Failure to file a response shall indicate that there is no opposition to the motion.").

Even so, the Court has reviewed the sufficiency of the proposed Amended Complaint. Laurie v. Alabama Court of Criminal Appeals, 256 F.3d 1266, 1274 (11th Cir. 2001) ("The decision whether to grant leave to amend a complaint is within the sole discretion of the district court."). When the time for amendment as of right has passed, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed.R.Civ.P.

AO 72A
(Rev.8/82)

15(a)(2). The court has discretion to make this determination, but it must a substantial basis for such a denial because "Rule 15(a) severely restricts the district court's freedom." Shipner v. Eastern Air Lines, 868 F.2d 401, 407 (11th Cir. 1989) (policy embodied in Federal Rules of Civil Procedure favors liberality of amendments). The Supreme Court and the Eleventh Circuit have enumerated factors that permit the denial of a motion to amend. These factors include undue prejudice to the opposing party, undue delay, bad faith on the part of the movant, futility of the motion, or repeated failure to cure deficiencies by previous amendments. Foman v. Davis, 371 U.S. 178, 182 (1962); Equity Lifestyle Props., Inc. v. Florida Mowing and Landscape, 556 F.3d 1232, 1241 (11th Cir. 2009).

An amendment is considered futile if a "cause of action does not state a claim upon which relief can be granted." See Spanish Broad. Sys. of Fla., Inc. v. Clear Channel Commnc'ns, Inc., 376 F.3d 1065, 1077 (11th Cir. 2004); Rudolph v. Arthur Andersen & Co., 800 F.2d 1040, 1042 (11th Cir. 1986). Thus, a "proposed amendment is futile if the complaint, as amended, would be subject to dismissal." Galindo v. ARI Mut. Ins. Co., 203 F.3d 771, 777 n.10 (11th Cir. 2000); see also Wyatt v. BellSouth, Inc., 176 F.R.D. 627, 630 (M.D. Ala. 1998) ("In deciding whether the amendment to the complaint would be futile, the court should be guided by the principles that govern consideration of a motion to dismiss."). Therefore, if assuming the truth of the factual allegations of the amended complaint, there is a dispositive legal issue which precludes relief or if it is based on an meritless legal theory, leave to amend should be denied.

5

Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford County, 960 F.2d 1002, 1009-10 (11th Cir. 1992); see also Battle v. Cent. State Hosp., 898 F.2d 126, 128 (11th Cir. 1990) (citation and internal quotations omitted) (when a[n amended] complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff," the proposed amended complaint is futile, and leave to amended should be denied).

In this case, Plaintiff's Title VII claims against Defendants Turner and Finley are futile. "The relief granted under Title VII is against the employer, not the individual employees whose actions would constitute a violation of the Act." Busby v. City of Orlando, 931 F.2d 764, 772 (11th Cir. 1991); see also, Hinson v. Clinch Cnty Bd. of Educ., 231 F.3d 821, 827 (11th Cir. 2000) (quoting Busby). Thus, any suit brought pursuant to Title VII against an employee or supervisor in his or her individual capacity is "inappropriate," and subject to dismissal. Busby, 931 F.2d at 772; see also, Aque v. Home Depot U.S.A., Inc., 629 F. Supp. 2d 1336, 1342 (N.D. Ga. 2009) (granting individual defendants' motion to dismiss); Canty v. Fry's Elecs., Inc., No. 1:09-cv-3508-WSD-LTW, 2010 WL 3516834, at *6 (N.D. Ga. Sept. 1, 2010) (same). Here, Plaintiff made clear that he seeks to proceed against the Defendants Turner and Finley in their individual capacities. (See Docs. 1, 18, 20). However, as discussed, Plaintiff may only assert a claim under Title VII against his actual employer, which, on the basis of the facts alleged in the Complaint, appears to have been at all relevant times the City; therefore, any Title VII claims asserted against Defendants Turner or Finley,

or any of the individually named Defendants, are futile, and leave to assert them in the proposed Amended Complaint is **DENIED**.  (Doc. 20).

Additionally, the bulk of Plaintiff's remaining discrimination and retaliation claims against the City under Title VII are also futile.  Pursuant to Title VII, a plaintiff must exhaust his administrative remedies before filing a private civil action.  Wilkerson v. Grinnell Corp., 270 F.3d 1314, 1317 (11th Cir. 2001) (internal citations omitted).  These include certain statutory prerequisites such as timely filing an charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") "within one hundred and eighty days after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1); Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 109 (2002); Pijnenburg v. W. Ga. Health Sys., Inc., 255 F.3d 1304, 1305 (11th Cir. 2001), reh'g denied, 273 F.3d 1117 (11th Cir. 2001).  "[I]f a plaintiff fails to file an EEOC charge before the 180-day limitations period expires, the plaintiff's subsequent lawsuit is barred and must be dismissed for failure to exhaust administrative remedies." Stewart v. Booker T. Washington Ins., 232 F.3d 844, 850 (11th Cir. 2000) (holding that because the employee waited more than 180 days after the decision to transfer her, the employee's sex and race discrimination claims in connection with her transfer were untimely); Thomas v. Ala. Council on Human Relations, Inc., 248 F. Supp. 2d 1105, 1114-16 (M.D. Ala. 2003) (citing Brewer v. Ala., 111 F. Supp. 2d 1197, 1204 (M.D. Ala. 2000)).

AO 72A
(Rev.8/82)

Here, Plaintiff has failed to establish[2] that he exhausted his administrative remedies with regard to most of his claims under Title VII.[3] Plaintiff filed his EEOC charge of discrimination on June 18, 2015. (See Doc. 7, Ex. A). Unlawful employment practices occurring 180-days prior to that charge are administratively barred.[4] 42 U.S.C. § 2000e-5(e)(1); Morgan, 536 U.S. at 109. It is true that the continuing violation doctrine preserves otherwise time-barred acts that a plaintiff was unaware of, if those

---

[2] Generally, under Rule 9(c) of the Federal Rules of Civil Procedure, a Title VII Plaintiff need only generally allege that all conditions precedent to the institution of the lawsuit have been fulfilled. Fed. R. Civ. P. 9(c) (stating that "[i]n pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed."); Myers v. Cent. Fla. Inv., 592 F.3d 1201, 1224 (11th Cir. 2010); Rizo v. Ala. Dep't of Human Res., 228 F. App'x 832, 836 (11th Cir. 2007); Jackson v. Seaboard Coast Line R. Co., 678 F.2d 992, 1010 (11th Cir. 1982) (holding that "a plaintiff must generally allege in his complaint that 'all conditions precedent to the institution of the lawsuit have been fulfilled.'"). However, once a defendant challenges the timeliness of the lawsuit, the plaintiff has the burden of establishing its timeliness. Green v. Union Foundry Co., 281 F.3d 1229, 1233 (11th Cir. 2002); Kerr v. McDonald's Corp., 427 F.3d 947, 951 (11th Cir. 2005). Here, Defendants have challenged the timeliness of Plaintiff's lawsuit against them. (See Doc. 7).

[3] Plaintiff has alleged no extraordinary circumstances warranting tolling of the statute of limitations. See e.g., Howard v. Intown Suites Mgmt., Inc., No. 1:04-CV-759-TWT, 2006 WL 739168, at *2 (N.D. Ga. Mar. 17, 2006) (in Section 1981 and Title VII discrimination cases, holding that to allow tolling, "courts usually require some affirmative misconduct, such as deliberate concealment" ) (quoting Cabello v. Fernandez-Larios, 402 F.3d 1148 (11th Cir. 2005)).

[4] Because the parties do not dispute the contents of Plaintiff's EEOC charge, and it is central to Plaintiff's claims; it may therefore be considered at this juncture. Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. for Disease Control and Prevention, 623 F.3d 1371, 1379 (11th Cir. 2010); see also Chesnut v. Ethan Allen Retail, Inc., 971 F. Supp. 2d 1223, 1228 (N.D. Ga. 2013); Boykin v. Gulf Coast Enters., No. 2:15-CV-631-MHT-GMB, 2016 WL 1357459, at *2 (M.D. Ala. Mar. 17, 2016), report and recommendation adopted, No. 2:15CV631-MHT, 2016 WL 1312313 (M.D. Ala. Apr. 4, 2016).

AO 72A (Rev.8/82)

time-barred acts have a substantial nexus to timely alleged acts such that, combined, they all "may be viewed as constituting a single violation, part of which falls within the limitations period." Roberts v. Gadsden Mem'l Hosp., 835 F.2d 793, 800-01 (11th Cir. 1988); Butler v. Matsushita Commc'n Indus. Corp., 203 F.R.D. 575, 583 (N.D. Ga. 2001) (citing Robinson v. Caulkins Indiantown Citrus Co., 701 F.Supp. 208 (S.D. Fla. 1988)).[5] However, discrete employment decisions – such as those decisions relating to promotions, transfers, discipline, and instruction – do not constitute continuing violations. Id.; see also Smith v. Alabama Dep't of Corr., 131 F. Supp. 2d 1318, 1321 (M.D. Ala. 2001). As explained in the proposed Amended Complaint, Plaintiff's Title VII discrimination and retaliation claims are based almost entirely on incidents in which

---

[5]As the Bulter Court explained:

> The continuing violation doctrine rests on the notion that "the statute of limitations ought not to begin to run until facts supportive of the cause of action are or should be apparent to a reasonably prudent person similarly situated." Hipp v. Liberty National Life Insurance Co., 252 F.3d 1208, 1222 (11th Cir. 2001) (quoting, Alldread v. City of Grenada, 988 F.2d 1425, 1432 (5th Cir. 1993)). This does not mean that a plaintiff may use this doctrine to save his claim after knowingly allowing the statute of limitations to run. . . .
>
> In determining continuing violation, the Court asks, would this event or series of events "alert a reasonable person to act to assert his or her rights at the time of the violation." Hipp, 252 F.3d at 1222. In other words, "whether the act was sufficiently permanent in nature to 'trigger an employee's awareness of and duty to assert his or her rights.'" Watson v. Bally Manufacturing Corporation, 844 F. Supp. 1533, 1535 (S.D. Fla.1993) (quoting Berry v. Board of Supervisors of L.S.U., 783 F.2d 1270, 1273 (5th Cir. 1986)).

Butler, 203 F.R.D. at 583.

9

Plaintiff was passed over for promotion. (<u>See</u> Am. Compl., Count I ("Defendants retaliated against Plaintiff by denying him a promotion from 2008 through the present . . . on numerous occasions") and Count II ("Since 2008, every time Joyner qualified for a promotion . . . he has been denied that promotion.")). Accordingly, Plaintiff's Motion to Amend is **DENIED** with regard to discrete employment actions that took place more than 180-days prior to the filing of his June 18, 2015 charge of discrimination.

Plaintiff has asserted additional factual allegations in support of the remaining causes of action (and in what appears to be a response to the arguments set forth in Defendants' Motion to Dismiss), and, as discussed above, Defendants have not filed any opposition to the Motion to Amend. Those claims are not therefore on their face futile, as the claims discussed above are, and there appear no substantial reasons to deny the amendment.[6] Accordingly, with regard to the claims not specifically addressed in this Order and Report and Recommendation, Plaintiff's Motion to Amend is **GRANTED**. <u>Shipner</u>, 868 F.2d at 407; LR 7.1B, NDGa.

## **CONCLUSION**

For the reasons discussed above, the undersigned **RECOMMENDS** that the Defendant's Motion to Dismiss be **DENIED AS MOOT**. (Doc. 7). Plaintiff's Motion for Leave to Amend is **GRANTED IN PART AND DENIED IN PART**. (Doc. 20).

---

[6] This Order and Report and Recommendation is made without prejudice to Defendants' ability to challenge Plaintiff's claims at a later point.

10

**SO ORDERED AND REPORTED AND RECOMMENDED**, this  3   day of January, 2017.

/s/LINDA T. WALKER
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)